# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ANGELES RIVAS, Individually and as Parent and Next Friend of ALEJANDRO RIVAS, Plaintiffs, | § § § § § § § § § | |
| v. | | EP-14-CV-166-DB |
| GREYHOUND LINES, INC. et al., Defendants. | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiffs Angeles Rivas and Alejandro Rivas's (collectively, "Plaintiffs") "Motion to Reinstate Case" ("Motion"), filed in the above-captioned case on December 14, 2018. On December 22, 2018, Defendant Roja Flecha Corporation ("Roja Flecha") filed a "Response to Plaintiffs' Motion to Reinstate" ("Roja Flecha Response") and on January 1, 2019, it filed a "Supplement to Its Response to Plaintiffs' Motion to Reinstate Case" ("Roja Flecha Supplement"). On January 4, 2019, Defendants Greyhound Lines, Inc. and Americano USA, LLC ("Greyhound") filed a "Response to Plaintiff's Motion to Reinstate" ("Greyhound Response"). On January 18, 2019, Plaintiffs filed a "Joint Reply in Support of Plaintiffs' Motion to Reinstate Case" ("Reply"). On January 29, 2019, Roja Flecha filed its "Sur-reply to Plaintiffs' Reply to Roja Flecha Corporation's Response to Plaintiffs' Motion to Reinstate" ("Roja Flecha Sur-reply"). On February 1, 2019, Greyhound filed its Sur-reply ("Greyhound Sur-reply"). After due consideration, the Court is of the opinion that Plaintiffs' Motion should be denied for the following reasons.

## BACKGROUND

This suit arises from a bus accident that occurred in Chihuahua, Mexico, in 2012. Plaintiffs, in their "Original Petition and Demand for Jury Trial" ("Complaint"), claim that they

suffered extreme, severe, and permanent injuries because of Roja Flecha and Greyhound's (collectively, "Defendants") negligence. Pls.' Orig. Pet., ECF No. 1, ¶¶ 37–38. Plaintiffs are New Mexico residents who purchased bus tickets from Defendants to travel from New Mexico to Mexico and back through El Paso, Texas. *Id.* ¶ 1. Plaintiffs allege that on May 7, 2012, around 4:30 a.m., they were passengers on Defendants' bus traveling along Mexico National Highway 45 when it collided with a Ford pickup truck. *Id.* ¶¶ 2, 34–35. The collision flipped the bus and amputated Plaintiff Alejandro Rivas's arm and broke Plaintiff Angeles Rivas's femur. *Id.* ¶¶ 2, 37–38.

On March 1, 2018, this Court granted Defendants' "Motion to Dismiss for *Forum Non Conveniens*." Order Granting Mot. Dismiss, ECF Doc. 170. This Court found Mexico to be an adequate available forum for Plaintiffs' claims. *Id.* at 10–14. This Court also recognized that Defendants "submitted to the jurisdiction of Mexico." *Id.* at 14. But this Court also maintained that it "may reassert jurisdiction upon timely notification if the courts of Queretaro, Mexico, refuse to accept jurisdiction." *Id.* at 24. On March 1, 2018, this Court entered a Final Judgment pursuant to Rule 58. Final Judgment, ECF Doc. 171.

On September 18, 2018, Plaintiffs initiated a lawsuit in Queretaro, Mexico. Pls.' Mot. Reinstate, ECF Doc. 172-2, at Ex. 2. As evidenced by their Complaint, Plaintiffs did not submit any documents to support their claims, neither their bus tickets containing the Mandatory Forum Selection Clause nor this Court's Order were attached. *Id.*

On October 4, 2018, the First Council of the Supreme Court of Justice in Queretaro, Mexico ("Queretaro Court") dismissed Plaintiffs' Complaint stating "the Proceeding Judge is not competent in reason of territory and jurisdiction." Order, ECF Doc. 172-3, at 1. The Court further found that "no additional documents" were submitted to the Court. *Id.*

Plaintiffs did not appeal the decision to an appellate court, but rather filed a Motion to Reinstate Case, which is the subject of this Opinion. Mot., ECF Doc. No. 172.

## STANDARD

Federal Rule of Civil Procedure 60(b) provides relief from a Final Judgment or Order for "any reason that justifies relief." *Rocha v. Thaler*, 619 F.3d 387, 399–400 (5th Cir. 2010). A motion brought under Rule 60(b) must be made within a "reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). Rule 60(b)(6) is "a grand reservoir of equitable power to do justice" for the district courts when the other clauses under Rule 60(b) cannot provide relief. *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010). Relief under Rule 60(b)(6), however, is narrowly available and to be granted "sparingly" as Rule 60(b)(6) relief can only be granted if the movant proves "extraordinary circumstances" exist. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 501 (5th Cir. 2015).

"The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied." *Turner v. Chase*, No. 08-3884, 2010 U.S. Dist. LEXIS 61624, 2010 WL 2545277, at *2 (E.D. La. June 15, 2010) (citing *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009)); *see United States v. City of New Orleans*, 947 F. Supp. 2d 601, 615 (E.D. La.), aff'd, 731 F.3d 434 (5th Cir. 2013). "A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the 'sound discretion of the district court and will only be reversed if there is an abuse of that discretion.'" *Laborde v. Lunceford*, No. 6:10-CV-30, 2010 U.S. Dist. LEXIS 108370, 2010 WL 3946508, at *3 (E.D. Tex. Oct. 8, 2010) (quoting *Steverson v. Global SantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007)); *see Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 770 (5th

Cir. 1995) ("[T]o overturn the district court's denial of [a] Rule 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion") (internal quotations omitted).

Rule 60(b)(6) requires the movant show "manifest injustice" because Rule 60(b)(6) "will not be used to relieve a party from the 'free, calculated, and deliberate choices'" the party has made. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)). Specifically, a return jurisdiction clause will only allow return to the U.S. judicial system should the lawsuit become impossible in the foreign forum. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003).

While the Fifth Circuit has not directly addressed the issue, two Texas District Courts have reasoned that a lawsuit is "impossible" for reinstatement purposes after a dismissal for *forum non conveniens* if the foreign forum is no longer available, despite the plaintiffs' good faith efforts to initiate the action abroad. *See Borja v. Dole Food Co.*, No. 3:97-CV-308-L, 2002 U.S. Dist. LEXIS 23234, at *24 n. 5 (N.D. Tex. Dec. 4, 2002), and *Dominguez v. Gulf Coast Marine & Assocs.*, No. 9:08-CV-200, 2014 U.S. Dist. LEXIS 66653, at *27 (E.D. Tex. May 14, 2014) (discussing the issue in terms of good faith prosecution without regard to Rule 60(b) impossibility or unavailability). Several circuits courts have similarly required that a plaintiff prosecute her claim in good faith in the foreign forum in vain before being entitled a reinstatement after dismissal on *forum non conveniens* grounds. *Dominguez*, No. 9:08-CV-200, 2014 U.S. Dist. LEXIS 66653, at *16 (citing *Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1031 (9th Cir. 2011) ("If the district court determines that the primary reason the Mexican

courts declined to take jurisdiction of [p]laintiffs' case was [p]laintiffs' actions or inactions in the case, it retains discretion to again order dismissal, with appropriate conditions, if any."); *MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 573–74, 392 U.S. App. D.C. 387 (D.C. Cir. 2010) (holding that plaintiffs were not entitled to litigate in United States because they "consistently worked to undermine their suit in Cameroon"); *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 706–07 (7th Cir. 2005) (remanding action to district court to assess whether the plaintiffs' efforts to litigate in Mexico were taken in good faith).

For the following reasons, this Court concludes that Plaintiffs did not prosecute their claim in good faith in Mexico and, therefore, their Motion shall be denied.

## ANALYSIS

Plaintiffs argue that they are entitled to reinstatement because "after many attempts to file the case in Mexico, finally on or about September 18, 2018, Plaintiffs were allowed to file their claims for personal injury in the Fourth Court of Civil Affairs, Queretaro, Mexico . . ." Mot., ECF No. 172, at Ex. 2. The Order of the First Council of the Supreme Court of Justice for the State of Queretaro, Mexico dismissed Plaintiffs' complaint because "the Proceeding Judge is not competent in reason of territory and jurisdiction." *Id.* at 2, Ex. 3 ("Order of the Court from Queretaro Mexico").

Defendants separately filed responses, and largely repeated the same arguments: Plaintiffs failed to attempt to litigate the case in the foreign forum in good faith because they failed to include information in the complaint that would have established territorial jurisdiction over this matter in Queretaro, Mexico. Greyhound Resp., ECF No. 184, at 2; Roja Flecha Resp., ECF No. 178, at 2. Specifically, Plaintiffs failed to attach the bus tickets containing the Mandatory Forum Selection Clause proving to the Queretaro Court that it had jurisdiction over

Plaintiffs' case. Greyhound Resp., ECF No. 184, at 2; Roja Flecha Resp., ECF No. 178, at 2. Plaintiffs also failed to provide to the Queretaro Court with translated copies of this Court's Order granting Defendants' Motion to Dismiss for *forum non conveniens* proving Defendants' consent to the jurisdiction of the Queretaro Court. Greyhound Resp., ECF No. 184, at 2–3; Roja Flecha Resp., ECF No. 178, at 2.

Plaintiffs further failed to provide notice to any of the Defendants of their suit in Queretaro, Mexico, thus preventing Defendants from informing the Queretaro Court of their consent to its jurisdiction. Greyhound Resp., ECF No. 184, at 4; Roja Flecha Resp., ECF No. 178, at 2. In ordering the dismissal, the Queretaro Court reasoned that neither Plaintiffs nor Defendants resided or were domiciled in the jurisdiction. Mot., ECF No. 172, Ex. 3, at 1. And the Queretaro Court took into consideration that no documents were attached to Plaintiffs' complaint. *Id.* Defendants also point out Plaintiffs' failure to appeal the Queretaro Court's decision. Greyhound Resp., ECF No. 184, at 3; Roja Flecha Resp., ECF No. 178, at 2.

Roja Flecha's expert, Omar Cardenas ("Mr. Cardenas"), explains that Article 323 of Mexican Civil Procedure require supporting documents to be submitted with a Complaint. Roja Flecha Resp., ECF No. 178, at 4. Mr. Cardenas asserts that Plaintiffs needed to have submitted the bus tickets which formed the basis of the Queretaro Court's jurisdiction. *Id.* at 4, (citing Ex. A, Aff. of Omar Cardenas at 5). And Plaintiffs were required to submit with their Complaint a translated copy of this Court's Order dismissing for *forum non conveniens*. *Id.* at 5.

In their Reply, Plaintiffs clarify that while they did not attach any documents to their complaint, they did quote directly from the bus ticket's forum selection clause including the paragraph mandating that Plaintiffs "subject themselves to the jurisdiction and authority of the

Courts of the City of Queretaro, in the Mexican United States, waving those that may correspond to them by reason of their current and future address . . ." Reply, ECF No. 185, at 2. Plaintiffs assert that Mexican law does not allow service of a complaint on a defendant until the Court has accepted jurisdiction over the case – therefore, the fact that they did not notify Defendants of the filing of the Mexican complaint cannot be indicative of bad faith. *Id.* at 7. Plaintiffs asserts a similar line of reasoning regarding their failure to appeal. *Id.* Plaintiffs rely on their expert, Jorge Alfredo Luna Lucio, to explain that any attempt to appeal would have been futile, frivolous, and without merit because there was no jurisdiction nor venue. *Id.* at 8.

Federal Rule of Civil Procedure 60(b) provides relief from a Final Judgment or Order for "any reason that justifies relief." *Rocha*, 619 F.3d at 399–400. The timing of this motion is not at issue, as it was made within a "reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

However, while Rule 60(b)(6) is "a grand reservoir of equitable power to do justice," it is narrowly available and to be granted "sparingly" as Rule 60(b)(6) relief can only be granted if the movant proves "extraordinary circumstances" exist. *Balentine*, 626 F.3d at 846; *Wooten*, 788 F.3d at 501. Plaintiffs have not met their burden of demonstrating that the prerequisites for such relief are satisfied. Plaintiffs have not shown "manifest injustice" or that their lawsuit is impossible in Mexico. Moreover, Rule 60(b)(6) will not be used to relieve Plaintiffs from their free, calculated, and deliberate choices: failure to attach any documentary evidence or exhibits to their complaint in the Queretaro Court, failure to notify the defendants of their lawsuit, and failure to appeal.

7

### 1. Because Plaintiffs Did Not Comply with the Procedural Requirements of the Queretaro Court, They Did Not Attempt to Litigate in Good Faith.

This lawsuit is not "impossible" for reinstatement purposes because Plaintiffs did not make good faith efforts to initiate the action in Mexico. *See Borja*, No. 3:97-CV-308-L, 2002 U.S. Dist. LEXIS 23234, at *24 n. 5, and *Dominguez*, No. 9:08-CV-200, 2014 U.S. Dist. LEXIS 66653, at *27. In *Dominguez*, U.S. District Court for the Eastern District of Texas denied reinstatement because plaintiffs had failed to follow the procedural requirements of the Mexican court when they failed to attach copies and a corresponding translation of the order dismissing the action for *forum non conveniens*. *Dominguez*, No. 9:08-CV-200, 2014 U.S. Dist. LEXIS 66653, at *8 and *23. Nor did plaintiffs file duly apostilled[1] copies and translations of the defendants' stipulations to consent to the Mexican court's jurisdiction. *Id.* at *24 (discussing and citing CODIGO FEDERAL DE PROCEDIMIENTOS CIVILES [FCCP], art. 271, which requires "any writing in a foreign language . . . [be] translat[ed]," and art. 569, which requires "judgments, decisions or jurisdictional determinations that will only be used as evidence before the Mexican courts . . . to be [ ] authentic."). Thus, the Court denied the motion to reinstate because plaintiffs had not complied with Mexican procedural law and did not litigate their claim in good faith. *Id.* at *27.

Much like plaintiffs in *Dominguez*, Plaintiffs here did not attach original nor translated copies of this Court's prior Order dismissing their claims for *forum non conveniens* and making jurisdictional determinations. Indeed, Plaintiffs did not attach anything to their

---

1. This Court's documents are considered authentic in Mexico if they satisfy the requirements from the Hague Convention Abolishing the Requirement for Legalization for Foreign Public Documents (Articles 2–5), to which both Mexico and the United States are parties, by presenting such documents duly apostilled and with a proper translation pursuant to FCCP Article 271.

complaint at all, as the Queretaro Court remarked in their opinion. Therefore, Plaintiffs did not attempt to litigate their claims in good faith in Mexico and are not entitled to reinstatement.

### 2. Plaintiffs Did Not Attempt to Litigate in Mexico in Good Faith Because They Did Not Inform the Mexican Courts of Defendants' Consent to Jurisdiction.

The U.S. District Court for the Eastern District of Texas gave another basis for their refusal to grant reinstatement in *Dominguez*: the plaintiffs "decision to omit any express statement in the complaints informing the Mexican courts of the [d]efendants' written submission to the jurisdiction strongly suggests that [p]laintiffs did not provide the Mexican courts with original and translated copies" of the [d]efendants' stipulations. *Id.* at *26–27. "A defendant's submission to the jurisdiction of a foreign forum sufficiently satisfies the availability requirement." *City of New Orleans Emps. Ret. Sys. v. Hayward*, 508 F. App'x 293, 296 (5th Cir. 2013). A motion to reinstate is only warranted if the foreign forum becomes impossible or unavailable. *See Borja*, No. 3:97-CV-308-L, 2002 U.S. Dist. LEXIS 23234, at *24 n. 5, and *Dominguez*, No. 9:08-CV-200, 2014 U.S. Dist. LEXIS 66653, at *27.

Defendants consented to the jurisdiction of the Queretaro Court in 2018 when this Court first dismissed this case and reassert their consent in their Responses to Plaintiffs' instant Motion. Greyhound Resp., ECF No. 184, at 4; Roja Flecha Resp., ECF No. 178, at 2. Plaintiffs decided to omit any express statement in their Complaint informing the Queretaro Court of the Defendants' written submission to the jurisdiction. Thus, the Queretaro Court is not unavailable, and a reinstatement is unwarranted because Plaintiffs failed to inform the Queretaro Court of Defendants' consent, demonstrating a lack of good faith.

### 3. Plaintiffs' Failure to Appeal is Further Evidence of Bad Faith.

Finally, the *Dominguez* Court reasoned that

> . . . although the return-jurisdiction clause in this case did not

9

> expressly require [p]laintiffs to appeal the Mexican judgment, their failure to do so is perplexing given the clear Mexican legal authority supporting the exercise of jurisdiction in cases where, as here, Defendants have consented in writing to the jurisdiction of the Mexican courts.

*Dominguez*, No. 9:08-CV-200, 2014, U.S. Dist. LEXIS 66653, at *27.

While the facts may be distinguishable in the *Dominguez* case because the accident occurred in Mexican waters, another District Court has held that a plaintiff's failure to seek "final appellate review . . . preclude[ed] [the court] from finding the 'exceptional circumstances' standard [was] met." *Id.* (citing *Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV-MORENO, 2012 U.S. Dist. LEXIS 155252, at *7 (S.D. Fl., Oct. 30, 2012).

Here Plaintiffs failed to appeal, and even though this was not a specific condition of the return-jurisdiction clause in this Court's prior Order dismissing the case for *forum non conveniens*, it is still indicative of bad faith and points against reinstatement.

## CONCLUSION

Because Plaintiffs did not attempt to litigate their claim in good faith in Mexico, they are not entitled to have their complaint reinstated in this Court. Their failure to attach any documents to their complaint in the Queretaro Court, failure to notify Defendants of their suit, and failure to appeal are all evidence of Plaintiffs' lack of good faith.

Accordingly, **IT IS FINALLY ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE.**

SIGNED this 5 day of **March 2019**.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

10